In the Matter of the Application of HERBERT H. LEHMAN, JOHN J. BENNETT, JR., RAYMOND P. WHEARTY, EDWARD G. O'NEILL, JOHN F. TUCKER, JOHN J. TRISKA, JOHN J. MCINTYRE, CHESTER H. ALLEN, HENRY LLOYD and F. CARROLL LOVE, Appellants, v. THE BOARD OF SUPERVISORS OF ORANGE COUNTY and HARRY L. STANLEY, as County Treasurer of Orange County, Respondents.— Order denying petitioners' motion for an order in the nature of peremptory mandamus requiring the defendants to audit and pay certain claims for services rendered in connection with an investigation ordered by the Governor in which the district attorney in Orange county was superseded; and for certain disbursements incurred by them in the investigation and the prosecution of indictments, unanimously affirmed, without costs. The character of the original examination sought by the board of supervisors in respect to the claimants' vouchers disclosed an ample basis for the view that the board was acting in bad faith to obstruct the investigation. The field of inquiry which evidenced this fact, however, has been excluded by the ruling had at Special Term, with which we agree. The bad faith of the board is further indicated by their selection of counsel to conduct the proposed questioning of the claimants after the filing of their depositions answering the submitted questions of the board, many of which questions so answered were beyond the scope of a proper audit inquiry in the situation herein. The individual so selected was at that time an attorney for some of the defendants whose indictment had been procured in the course of the investigation in which the claimants participated. This did not warrant the claimants' refusing to answer any relevant non-repetitious inquiries of the board's counsel. The board, however, had a legal right to make the selection it did, even though it exhibited bad taste in so doing. It professes to justify the selection on the ground that it was necessary that the board should be represented by an attorney with experience in criminal law. To conduct a proper inquiry in respect of the audit of these claims, in fields relevant to such an inquiry, does not require an attorney with specialized experience in criminal law. This record discloses that the county attorney who was superseded was amply qualified by training, experience and ability to conduct inquiries into matters relevant to an audit of these claims. The board, however, was free

to incur added expense to the county by designating counsel with criminal law experience, which would be of value only in making improper inquiries in fields not germane to the audit. As the claimants are State officers, having been salaried officers on the staff of the Attorney-General prior to the investigation; and as their salaries while engaged on this investigation were fixed before the rendition of services at the rate of their prior salaries; and as their qualifications were passed upon by the Attorney-General in the first instance, the scope of the examination now permissible, in view of the information furnished in written depositions, should be limited to whether or not the claimants devoted the time which they claim they have devoted to the duties of the investigation and prosecution in connection therewith; and whether or not the disbursements which they claim to have made were in fact made in connection with the performance of such duties. Inquiry relating to the indicated subject-matter should not concern itself with the details of the duties performed and manner of performance, or with respect to which individuals necessitated the trips or disbursements in connection therewith, to the end that there may not be disclosed, contrary to the public interest, with whom the claimants were dealing, either as informants or as suspects. Any other view of the scope of inquiry permissible would result in chaos and enable those whose official activities are the proper subject of investigation and prosecution to hamper and restrict the scope of the activities of these claimants in so far as they may be directed against such individuals. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.